IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| AGNES GISSENTANNA,  )  <br>       Plaintiff,  ) <br> )  <br>       v.  ) <br> )  <br> WESTPORT OPERATOR, LLC,  )  <br>       Defendant.  ) <br> ) | Civil Action No. 3:24CV787 (RCY) |

**MEMORANDUM OPINION**

This matter is before the Court on Plaintiff's Motion to Remand to State Court (ECF No. 7) and Defendant's Response to the Court's Show Cause Order (ECF No. 6). Plaintiff originally filed suit in Henrico County Circuit Court on September 23, 2023. Def.'s Resp. to Show Cause Order ("Def.'s Resp.") 1, ECF No. 6. In her state court Complaint, Plaintiff sought $72,500 in damages for injuries sustained as a result of Defendant's allegedly negligent maintenance of its premises. *Id.* On September 30, 2024, one year and two days after commencing the action, Plaintiff moved the Henrico County Circuit Court for leave to amend her complaint to increase the ad damnum to $350,000. *Id.* at 1–2. For the reasons set forth below, the Court will deny the Motion to Remand.

**I. BACKGROUND**

On October 29, 2024, Defendant removed the matter to this Court pursuant to 28 U.S.C. §§ 1332, 1446. Notice of Removal, ECF No. 1. On November 12, 2024, this Court issued a Show Cause Order, ordering Defendant to demonstrate why the action should not be remanded to the Henrico County Circuit Court pursuant to 28 U.S.C. § 1446(c)(1). Show Cause Order, ECF No. 5. Defendant filed its Response on November 19, 2024. On November 25, 2024, Plaintiff filed a Motion to Remand to State Court. Mot. Remand, ECF No. 7.

## II. LEGAL STANDARD

A party seeking to remove a case from state to federal court bears the burden of demonstrating that jurisdiction is proper at the time it files its petition for removal. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 73 (1996). A defendant may remove a state court action to federal court where the action could have originally been filed in federal court. 28 U.S.C. § 1441. Relevant to this case, a federal district court may exercise original jurisdiction over civil actions "where the matter in controversy exceeds the sum or value of $75,000 . . . and is between Citizens of different states." 28 U.S.C. § 1332(a). However, "[a] case may not be removed . . . on the basis of [diversity] jurisdiction . . . more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(c)(1).

A plaintiff acts in bad faith, such that removal beyond the one-year limit is allowed, when it "intentionally t[akes] actions to prevent [a d]efendant[] from removing the case to federal court." *Hiser v. Seay*, 2014 WL 6885433, at *4 (W.D. Ky. Dec. 5, 2014). Bad faith may be inferred from conspicuously timed amendments, *Barnett v. Sylacauga Autoplex*, 973 F. Supp. 1358, 1367 (N.D. Ala. 1997) ("Bad faith can generally be inferred from amendment outside of the statutory bar."), or from a plaintiff's refusal to engage in discovery, *Hall v. Leisure Time Prod.*, 2014 WL 5019687, at *6 (E.D. Va. Oct. 7, 2014) ("The vast majority of cases that find that plaintiffs acted in strategic ways to deprive defendants of the ability to remove involve refusal to engage in discovery."). The bad faith standard is automatically satisfied upon a showing "that the plaintiff deliberately failed to disclose the actual amount in controversy to prevent removal." 28 U.S.C. § 1446(c)(3)(B).

## III. ANALYSIS

Defendant contends that the bad faith exception applies here such that its belated removal is excused. In support, Defendant represents that Plaintiff's counsel once admitted that the initial

$72,500 demand was intentionally selected to avoid federal jurisdiction. Def.'s Resp 2–3 ("As an officer of the Court, counsel represents that Dov Szego, counsel for Defendant, spoke with Plaintiff's then-counsel, Brody Reid, over the phone and noted [that the $72,500 demand is conspicuously just below the $75,000 diversity threshold]. Brody Reid agreed that the . . . amount was intentionally selected to avoid removal of the matter to federal court."). Remarkably, while Plaintiff uses her Motion to Remand to interface with many of Defendant's arguments, Plaintiff does not deny this allegation. *See generally* Mem. Supp. Mot. Remand, ECF No. 8.

Defendant also describes a pattern of obfuscatory behavior by Plaintiff. Throughout the discovery process, Plaintiff allegedly resisted discovery efforts by Defendant; in fact, Defendant issued discovery deficiency letters on two separate occasions and filed a Motion to Compel Discovery following Defendant's repeated failure to comply with discovery requests. Def.'s Resp. 3; Def.'s Resp. Ex. 2, ECF No. 6-2; Def.'s Resp. Ex. 3, ECF No. 6-3. At no point did Plaintiff disclose damages surpassing the $75,000 jurisdictional threshold. This, Defendant concludes, indicates that Plaintiff acted intentionally to avoid revealing the true value of her damages.

Finally, Defendant emphasizes Plaintiff's conspicuous timing in this matter. Plaintiff filed this action in state court on September 23, 2023. Def.'s Resp. 1. For an entire year, Plaintiff maintained her request for damages below the jurisdictional amount. Then, two days after the anniversary of her initial filing, Plaintiff asked for leave to increase the ad damnum to $350,000— nearly five-times more than she had originally demanded. Def.'s Resp. 4; Def.'s Resp. Ex. 9, ECF No. 6-9.

Defendant has more than satisfied its burden to demonstrate bad faith. Plaintiff's counsel's admission that the initial $72,500 amount was chosen to avoid federal jurisdiction alone demonstrates that "Plaintiff[] intentionally took actions to prevent Defendant from removing the case to federal court." *Hiser*, 2014 WL, at *4. Setting Plaintiff's counsel's admission aside,

however, one could also readily infer bad faith from Plaintiff's general resistance to discovery and conspicuous timing.  Taken together, these facts tell a damning story:  Plaintiff appears to have resisted Defendant's efforts to discover the true amount in controversy.  Then, once the one-year limitation had run, Plaintiff revealed the removability of the case.  Courts often infer bad faith solely based on facts such as these.  *See Barnett*, 973 F. Supp. at 1367; *Hall*, 2014 WL, at *6.  Thus, when coupled with Plaintiff's counsel's actual admission—and Plaintiff's failure to deny any such admission—the Court easily finds that Defendant has established Plaintiff's bad faith.

## IV. CONCLUSION

The Court has already concluded that the parties are facially diverse and that the amount in controversy is satisfactory.  *See* Show Cause Order 1.  Because the bad faith exception to the one-year time bar applies, removal is proper.  *See* 28 U.S.C. § 1446(c)(1).  Accordingly, the Motion to Remand will be denied.  The matter shall remain in this Court.

/s/ RCY
Roderick C. Young
United States District Judge

Date: January 2, 2025
Richmond, Virginia